**In the Matter of Donald R. LEMBO.**

**No. 2011–377–M.P.**

Supreme Court of Rhode Island.

Nov. 30, 2011.

David D. Curtin.

James A. Ruggiero.

ORDER

This disciplinary matter came before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On October 13, 2011, the disciplinary board of the Supreme Court forwarded to us a decision finding that the respondent, Donald R. Lembo, had violated the Supreme Court Rules of Professional Conduct, along with its recommendation that we impose a public censure as a sanction. Rule 6(d) provides in pertinent part:

"If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

We directed the respondent to appear before the court at its conference on November 8, 2011, to show cause, if any, why we should not accept the recommendation of the board. Having heard the representations of the respondent, his attorney, and this Court's Disciplinary Counsel, we determine that cause has not been shown.

The relevant facts, as determined by the board at a hearing on June 14, 2011, are as

follows. In March of 2009, Richard Lambert (hereinafter Lambert) and two other employees of Wackenhut Corporation, a private security company, retained the respondent to represent them in a claim for unpaid raises that were provided for in their employment contracts. Lambert advised the respondent that there were an additional twenty-nine similarly-situated employees who also had not received their salary increases. The respondent prepared blank retainer agreements which he provided to Lambert so that he could solicit the other employees to become clients of the respondent. Lambert did so, and returned the twenty-nine now-signed retainer agreements to the respondent.

The respondent had no direct contact with these other employees; however, he sent a demand letter on behalf of all thirty-two employees to Wackenhut. Wackenhut responded on June 26, 2009 with a letter that contained Wackenhut's calculation of the payment due to each of the thirty-two employees. Those calculations were based on each individual's employment history, and were different for each employee. The respondent provided a copy of that letter to Lambert and asked him to review the proposal with the other employees. The respondent did not consult with any of these other employees regarding the resolution of their respective claims.

Lambert reviewed the proposal and provided the respondent with his own calculations regarding the value of the individual claims. After reviewing Lambert's calculations the respondent notified Wackenhut that all of the claims could be settled on the terms contained in the June 26, 2009 letter. Wackenhut prepared releases for each of the thirty-two claimants. The releases set forth the specific amount of each settlement. Those releases were executed by the claimants, and the corresponding settlement checks were forwarded to the respondent for distribution.

The board also found that in three instances, the respondent signed the claimants' name to their settlement checks without their knowledge, authorization or consent. It should be noted that the respondent paid each claimant all of the funds they were entitled to receive pursuant to the terms of their respective releases.

Based upon these findings, the board concluded that the respondent violated Article V, Rules 1.2(a), 7.3(a), and 8.4(a) of the Supreme Court Rules of Professional Conduct. We agree. Rule 1.2, entitled "Scope of representation and allocation of authority between client and lawyer" provides, in pertinent part:

"(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, *shall consult* with the client as to the means by which they are to be pursued. * * * A lawyer shall abide by a client's decision whether to settle a matter." (Emphasis added.)

The respondent assumed the responsibility to represent the thirty-two clients on their claims for unpaid wages. The value of each client's claim was different. He had an obligation to consult individually with each of these clients regarding their settlement, and to abide by their decision to settle their claim. In this case he only consulted with one client, who was not the representative of a plaintiff class. His failure to consult with the other clients prior to settling their claims is a clear violation of this rule.

Rule 7.3, entitled "Direct contact with prospective clients" provides, in relevant part:

"(a) A lawyer shall not by in-person, live telephone or real-time electronic contact solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain, unless the person contacted:

"(1) is a lawyer;

"(2) has a family, close personal, or prior professional relationship with the lawyer; or

"(3) is a business organization, a not-for-profit organization, or governmental body and the lawyer seeks to provide services related to the organization."

Here, the respondent was originally retained by three clients who wished to pursue a claim for unpaid wages against a common employer. After being informed that there were twenty-nine similarly-situated employees, the respondent provided Lambert with blank, preprinted retainer agreements in order for him to recruit the other potential claimants to be clients as well. Lambert then solicited those potential clients and obtained their signatures on individual retainer agreements. It is of no moment that the respondent did not personally solicit those claimants, as Rule 8.4, entitled, "Misconduct" provides, in relevant part:

"It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, *or do so through the acts of another;* * * *." (Emphasis added.)

The respondent directed Lambert to personally solicit potential clients, something which the respondent is prohibited from doing. His indirect solicitation of those clients through the acts of Lambert violates both Rule 7.3(a) and Rule 8.4(a).

Having concluded that the respondent has violated the Rules of Professional Conduct, we now consider the appropriate level of discipline to impose. It is the board's recommendation that we publicly censure the respondent. We give great weight to the recommendations of the board. *In re Coaty,* 985 A.2d 1020, 1025 (R.I.2010). The purposes of professional discipline are to protect the public and to maintain the integrity of the profession. *In re McBurney,* 13 A.3d 654, 655 (R.I.2011) (quoting *In re Almonte,* 678 A.2d 457, 458 (R.I. 1996)). We believe the sanction recommended by the board in this case serves those purposes.

Accordingly, the respondent, Donald R. Lembo, is hereby publicly censured.