Supreme Court
No. 2014-171-M.P.

In the Matter of Tracey Napolitano.          :

# O R D E R

This disciplinary matter comes before the Supreme Court pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure.  On May 15, 2014, the Disciplinary Board of the Supreme Court forwarded to us a decision finding that the respondent, Tracey Napolitano, had violated the Supreme Court Rules of Professional Conduct, along with its recommendation that we impose a public censure as a sanction.  Rule 6(d) provides in pertinent part:

> "If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

We directed the respondent to appear before the Court at its conference on June 4, 2014, to show cause, if any, why we should not accept the recommendation of the board.  Having heard the representations of the respondent, her attorney, and this Court's Disciplinary Counsel, we determine that cause has not been shown.

The relevant facts, as determined by the board at a hearing on April 1, 2014, are as follows.  The respondent was admitted to the practice of law in this state on November 25, 1997.  On July 27, 2012, she was removed from the Master Roll of Attorneys after she failed to file with the Clerk of this Court the annual registration form and pay the annual registration fee

- 1 -

required under Article IV, Rule 1 of the Supreme Court Rules.[1]  As the result of being removed from the Master Roll of Attorneys, the respondent was not authorized to practice law in this state and was not authorized to practice at all times relevant to this matter.

In March 2013, the respondent was contacted by a business owner, Raza Liqat, seeking legal advice and assistance relating to a convenience market he owned in Newport.  The respondent assisted him in forming a business entity, Broadway Convenience Market, LLC, and registering that business entity with the Corporations Division of the Rhode Island Secretary of State on June 4, 2013.  The Articles of Organization of Broadway Convenience Market, LLC, filed with the Secretary of State, specifically identify "Tracey A. Napolitano, Esquire" as the resident agent for the LLC.

Additionally, in April 2013 Liqat was notified by the State of Rhode Island, Division of Taxation that his license to operate his convenience market was subject to suspension for failure

---

[1] Article IV, Rule 1, of the Supreme Court Rules entitled "Periodic registration of attorneys" provides, in pertinent part:

> "(a) Every person who has been admitted to the bar of Rhode Island and who maintains active status in this State shall on or before July first of every year, or within three (3) months of his or her becoming subject to these rules by admission, pay a registration fee of two hundred dollars ($200.00) and file a completed annual attorney registration statement prescribed by the Clerk.
>
> "* * *
>
> "(d) The name of any person who has not on or before July first filed the current annual registration statement and paid the annual attorney registration fee shall be assessed a one hundred and twenty-five dollar ($125.00) late fee and shall be removed from the Master Roll of Attorneys.  Any person whose name is not on the Master Roll and who practices law or who holds himself or herself out in any manner to the public or to another person as being competent, qualified, authorized or entitled to practice law in this State is engaged in the unauthorized practice of law and may be subject to the disciplinary procedures of this Court."

to pay taxes and that he was subject to the imposition of the taxes and civil penalties. Liqat requested, and the respondent agreed to provide, legal services, including the representation of Liqat at an administrative hearing before the Division of Taxation. On May 6, 2013, she sent a letter of representation on behalf of Liqat to the Division of Taxation identifying herself as "Tracey A. Napolitano, Esquire," indicating that she was representing his interests, and on May 22, 2013 she submitted a power of attorney form to the division wherein she asserted that she was a member in good standing of the Rhode Island Bar. However, the respondent did not appear on Liqat's behalf before the Division of Taxation, and he retained other counsel.

The board also found that the respondent did not provide Liqat with any written communication confirming the scope of her legal representation or setting forth the fees, if any, that she would be charging him for her services. However, the board did not make a finding that Liqat had actually paid a fee for the respondent's services, and an allegation that he had paid a fee was withdrawn prior to the hearing.

Based upon these findings, the board concluded that the respondent violated Article V, Rules 1.5(b) and 8.4(c) of the Supreme Court Rules of Professional Conduct. We agree. Rule 1.5, entitled "Fees", provides in pertinent part:

> "(b) The scope of the representation and the basis or rate of the fee
> * * * shall be communicated to the client, in writing, before or
> within a reasonable time after commencing the representation,
> except when the lawyer will charge a regularly represented client
> on the same basis or rate."

The respondent's obligation to comply with this rule was not absolved by her incapacity to actually render legal services to her client. The client was unaware of her inability to practice law at the time he requested and when she agreed to provide legal services. He was entitled to

receive a written explanation of the services to be provided and the fees to be charged and the respondent was obligated to provide one.

Rule 8.4, entitled "Misconduct" provides, in relevant part: "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

By falsely holding herself out to her client, the Secretary of State, and the Division of Taxation as a member in good standing of the Bar, the respondent clearly violated this rule.

Having concluded that the respondent has violated the Rules of Professional Conduct, we proceed to consider the appropriate level of discipline to impose. The board has recommended that we publicly censure the respondent, and we give great weight to the recommendations of the board. In re Coaty, 985 A.2d 1020, 1025 (R.I. 2010). The purposes of professional discipline are to protect the public and to maintain the integrity of the profession. In re Lembo, 37 A.3d 109, 111 (R.I. 2011). We believe those purposes can best be served in this matter by adopting the board's recommendation.

Accordingly, the respondent, Tracey Napolitano, is hereby publicly censured.


**Goldberg, J., dissenting.** I respectfully dissent. When the respondent appeared before this Court it was disclosed—apparently for the first time—that throughout the period of time she has been removed from the Master Roll of Attorneys, including now, the respondent has been employed as staff counsel in the Office of Legislative Counsel at the Rhode Island General Assembly. Upon further inquiry, this Court was advised by Disciplinary Counsel of the following:

> "Whether the title is staff counsel or legal counsel, there is certainly an implication that the person holding the position is an

- 4 -

attorney. While there is no written job description, it can be presumed that only attorneys are hired for these part-time positions. Ms. Napolitano was duly licensed when first hired at Legislative Counsel, but it is not clear that maintaining active status is a prerequisite for holding such a position."

Because this position was not disclosed to Disciplinary Counsel or the Disciplinary Board, it is my belief that further inquiry into whether the respondent's continued employment after she was removed from the rolls is warranted. A serious question remains as to whether the respondent continued to act as an attorney while she was no longer eligible to practice law in this state, and, whether her failure to disclose this employment constitutes another violation of the disciplinary rules.

Furthermore, the fact that there is no job description for the position of legal counsel is of no moment to whether this matter should be referred back to the Disciplinary Board for further inquiry. The position of legal counsel or staff counsel clearly signifies to this Justice and the public that the respondent has been employed in the capacity of an attorney throughout these proceedings, notwithstanding that she is not authorized to do so. Consequently, I dissent.

Entered as an Order of this Court this **20th** day of **June, 2014**.

By Order,

_____/s/_____
Clerk

- 5 -



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    In the Matter of Tracey Napolitano.

**CASE NO:**    No. 2014-171-M.P.

**COURT:**    Supreme Court

**DATE ORDER FILED:**    June 20, 2014

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    N/A – Court Order

**JUDGE FROM LOWER COURT**:

N/A

**ATTORNEYS ON APPEAL:**

For Petitioner:    David D. Curtin, Esq.
Disciplinary Counsel

For Respondent:  James F. Hyman, Esq.