### In the Matter of Kevin B. MCBURNEY.

### No. 2011–25–M.P.

Supreme Court of Rhode Island.

Feb. 24, 2011.

David D. Curtin, Esq. Disciplinary Counsel.

Kevin B. McBurney.

### ORDER

This disciplinary matter comes before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On December 13, 2010, the disciplinary board of the Supreme Court forwarded to us a decision finding that the respondent, Kevin B. McBurney, had violated the Supreme Court Rules of Professional Conduct, along with a recommendation that we impose a public censure as a sanction for that violation. We directed the respondent to appear before this court at its conference on January 6, 2011, to show cause, if any, why we should not accept the recommendation of the board. Having heard the representations of the respondent, his attorney, and this court's disciplinary counsel, we determine that cause has not been shown.

The facts giving rise to this matter arise from the respondent's representation of Muna Ahmed, both individually and in her capacity as administratrix of the estate of her deceased husband, Malek Ahmed. On behalf of his client the respondent filed a civil action in the Superior Court alleging that the cause of Malek's death was medical malpractice and seeking damages as a result of that alleged negligence. The defendants denied liability, and the parties engaged in discovery with respect to their respective claims and defenses.

The litigation in the Superior Court was terminated when a justice of that court entered an order dismissing the plaintiff's case for failure to comply with outstanding orders of the court relating to identification of the plaintiff's expert medical and economic witnesses. At his client's direction, the respondent filed an appeal to this Court seeking to have that order of dismissal reversed, and that appeal remains pending. However, the resolution of that appeal is not relevant to the disciplinary issue before us today.

The respondent filed several pleadings with this Court relating to his appellate claims. It is the content and tone of those pleadings that brings him before us today. Rather than providing a reasoned explanation of the facts and law that support his client's case, he filed pleadings that are replete with false and outrageous libels and accusations directed against counsel for the defendant-appellees. He falsely accused opposing counsel of "deceit," falsely alleged that she had engaged in "ambush tactics and trickery," and falsely claimed she was "dishonest." Counsel for the defendant–appellees filed a motion with this court to strike those pleadings. After review of that motion, we concluded that the respondent's pleadings were filled with inappropriate and offensive commentary, granted the motion to strike the offensive pleadings, and referred the record to disciplinary counsel for a determination as to whether disciplinary action was warranted.

Disciplinary counsel presented charges to the board, alleging that the conduct of the respondent was in violation of Article V, Rule 8.4(d) of the Supreme Court Rules of Professional Conduct. Rule 8.4(d) provides, in pertinent part: "It is professional misconduct for a lawyer to: * * * (d) engage in conduct that is prejudicial to the administration of justice * * *." The respondent appeared before the board for a hearing on that alleged violation. He did not contest the factual allegations. In a belated acknowledgement of the wrongfulness of his conduct, he reluctantly concluded that he had said "some uncomplimentary things." The board concluded that his conduct went beyond that and rose to the level of "conduct prejudicial to the administration of justice." We agree.

We expect all attorneys to advocate zealously on behalf of their clients. We also expect attorneys to conduct themselves in a courteous, civil, and professional manner. In 1996, this Court adopted the Standards for Professional Conduct Within the Rhode Island Judicial System. Although those standards are aspirational only, they should serve as a guide to all practicing attorneys. As we noted in the preamble therein, "Conduct that may be characterized as uncivil, abrasive, hostile or obstructive impedes the fundamental goal of the justice system to resolve disputes rationally, peacefully and efficiently."

The respondent's conduct demonstrated more than a lack of civility. Faced with outrageous statements impugning her character in public pleadings filed with this Court, counsel for the defendant-appellees properly filed a motion to strike those pleadings. The resources of this Court were diverted from deciding the important issues before it to chastising inappropriate conduct not worthy of a member of the bar. Needless time and effort were devoted by the parties, and this Court, to extraneous issues, increasing litigation costs to the parties and delaying consideration of the issues relevant to the pending appeal. The respondent's conduct was a disservice to this Court, to opposing counsel, and, ultimately, to his own client.

"The purposes of professional discipline are to protect the public and to maintain the integrity of the profession." *In re Almonte, 678 A.2d 457, 458 (R.I.1996). We believe that the sanctions recommended by the board addresses those objectives. Accordingly, the respondent, Kevin B. McBurney, is hereby publicly censured.*

Justice Flaherty did not participate.