In the Matter of Bruce E. VEALEY.

No. 2012–84–M.P.

Supreme Court of Rhode Island.

March 29, 2012.

David D. Curtin, Chief Disciplinary Counsel.

Carol A. Zangari.

### ORDER

This disciplinary matter is before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On January 12, 2012 the Disciplinary Board of the Supreme Court forwarded its decision that the respondent, Bruce E. Vealey, had violated the Supreme Court Rules of Professional Conduct and its recommendation that he be ordered to perform seventy-five hours of community service or pro bono legal services as a sanction for those violations. We directed the respondent to appear before this Court at its conference on February 16, 2012, to show cause, if any, why we should not accept the recommendation of the board. Having heard the representations of the respondent, his attorney, and this Court's Disciplinary Counsel, we determine that cause has not been shown.

The relevant facts giving rise to this proceeding, as determined by the board, are as follows. In June of 2003, Regina Oliveira retained the respondent to repre-

sent her in a claim for medical malpractice arising from a surgical procedure. In April of 2006 the respondent filed a civil action on her behalf in the Providence County Superior Court naming the physician who had performed the surgery and the hospital at which the surgery was performed as defendant parties. The defendants filed answers denying liability on the claims.

During the course of the ensuing litigation a request for the production of documents was forwarded by counsel for the defendant physician to the respondent. He did not submit a reply to that discovery request. On April 4, 2007, after a motion duly filed and heard, a hearing justice of the Superior Court entered a conditional order of dismissal requiring compliance with that discovery request on or before August 6, 2007, under penalty that all claims against the defendant physician would be dismissed. The respondent did not comply with that order, and on August 30, 2007, the Superior Court entered an order of final judgment in favor of the physician. The respondent did not inform Ms. Oliveira that her claim against the physician had been dismissed.

The defendant hospital was not idle during the course of this litigation. The respondent also failed to respond to discovery requests propounded on behalf of the hospital. On June 13, 2008, a hearing justice of the Superior Court entered a conditional order of dismissal requiring discovery responses on or before June 30, 2008. The respondent failed to meet that deadline. On July 23, 2008, without the knowledge or consent of Ms. Oliveira, the respondent agreed to the entry of an order dismissing all claims against the defendant hospital, ending the litigation.

Ms. Oliveira subsequently filed a disciplinary complaint against the respondent. A hearing on that complaint was held before a panel of the Disciplinary Board on June 8, 2011.[1] At that hearing the respondent acknowledged that he had failed to provide diligent representation to Ms. Oliveira, in violation of Article V, Rule 1.3 [2] of the Supreme Court Rules of Professional Conduct, and that he had failed to properly communicate with his client in violation of Article V, Rule 1.4 of the Supreme Court Rules of Professional Conduct.[3] The board concluded that an appropriate sanction for this admitted misconduct is the recommended community and/or pro bono legal services.

---

1. At that hearing the board also heard a complaint filed by another client of the respondent claiming that he had failed to provide proper representation on two claims. The board concluded that his conduct in those matters did not warrant discipline. Accordingly, this court will not consider those matters.

2. Article V, Rule 1.3 of the Supreme Court Rules of Professional Conduct, entitled "Diligence," provides: "A lawyer shall act with reasonable diligence and promptness in representing a client."

3. Article V, Rule 1.4 of the Supreme Court Rules of Professional Conduct, entitled "Communication," provides in pertinent part: "(a) a lawyer shall:

"(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

"(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

"(3) keep the client reasonably informed about the status of the matter;

"(4) promptly comply with reasonable requests for information; and

"(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law."

We agree. It is well settled in this state that the purposes of professional discipline are protection of the public and maintaining the integrity of the profession. *In re McBurney*, 13 A.3d 654, 655 (R.I.2011). Article III, Rule 3 of the Supreme Court Rules of Disciplinary Procedure provides a range of available sanctions to achieve those goals, including an order for community service or pro bono legal service. The sanction recommended by the board serves those purposes.

Accordingly, the respondent, Bruce E. Vealey, is hereby ordered to provide seventy-five hours of community and/or pro bono legal services within one year from the date of this order. The respondent shall provide written proof that he has complied with this order to Disciplinary Counsel.