**In the Matter of Daniel J. SAXTON.**

**No. 2014–64–M.P.**

Supreme Court of Rhode Island.

April 4, 2014.

David D. Curtin, Esq., Disciplinary Counsel.

John M. Roney, Esq.

**ORDER**

This disciplinary matter is before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On December 17, 2013, the Disciplinary Board of the Supreme Court forwarded its decision that the respondent, Daniel J. Saxton, had violated the Supreme Court Rules of Professional Conduct, and its recommendation that he be ordered to perform *pro bono* legal services as a sanction for those violations. We directed the respondent to appear before this Court at its conference on February 10, 2014, to show cause, if any, why we should not accept the recommendation of the board. Having heard the representations of the respondent, his attorney, and this Court's Disciplinary Counsel, we determine that cause has not been shown.

1. The requirements to practice law in this state in the form of a professional service corporation are set forth in the Professional Service Corporation Law, G.L.1956 chapter 5.1 of title 7, and Article II, Rule 10 of the Supreme Court Rules for Admission to Practice Law.

2. Article V, Rule 8.5 of the Supreme Court Rules of Professional Conduct, entitled "Disciplinary authority, Choice of law" provides, in pertinent part: "A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction."

This disciplinary proceeding is the result of a solicitation letter sent on behalf of the respondent to twelve Rhode Island residents, misrepresentations that were contained in that letter, and the respondent's statements made in reply to a disciplinary complaint that was filed regarding that letter. At a disciplinary hearing held on July 23, 2013, the respondent readily acknowledged the following facts and admitted the charged violations.

The respondent is not a member of the Rhode Island Bar. He is a principal in the law firm, Freeman Saxton, P.C., which is based in Atlanta, Georgia. Freeman Saxton, P.C., is also not authorized to engage in the practice of law in this state.[1] However, by offering to provide legal services in this state the respondent has subjected himself to the disciplinary jurisdiction of this Court and its disciplinary board.[2]

The offending solicitation letters were mailed in February 2013. The letters advised the recipient that their property was going to be sold at auction "on the Providence courthouse steps"[3] on a specified date and offered to represent the recipient in avoiding a repossession of their property. The respondent failed to send a copy of the solicitation letters to the office of Disciplinary Counsel as required by Article V, Rule 7.3 of the Supreme Court Rules of Professional Conduct.[4]

3. Rhode Island law provides for statutory power of sale, and foreclosure auctions do not require judicial approval or occur on courthouse property. *See* G.L.1956 § 34–11–22, entitled "Statutory power of sale in mortgage."

4. The Rules of Professional Conduct permit the solicitation of professional employment from a prospective client by written, recorded or electronic communication, subject to certain conditions. Article V, Rule 7.3(d) of the Supreme Court Rules of Professional Conduct requires that a copy of any such solicitation shall be sent to Disciplinary Counsel along

The solicitation letters contained several misrepresentations. There is no indication that Freeman Saxton, P.C. is not authorized to practice law in this state. The letters indicate that the firm maintains an office at "20 Weybosset St.," in Providence, Rhode Island. However, there is no such address. Additionally, the letters further provide what appears to be a local telephone number, with an area code appropriate for this state; however, a call made to that number would be forwarded to the respondent's office in Atlanta. When a telephone call was made to that telephone number, the caller was advised by an employee of the respondent that the office was in Providence, but the caller would not be allowed in without an appointment. The misrepresentations contained in the letters are a violation of Article V, Rules 7.1[5] and 8.4(c)[6] of the Supreme Court Rules of Professional Conduct.

After being made aware that the respondent had sent solicitation letters that were not in compliance with our rules, Disciplinary Counsel filed a complaint against the respondent and forwarded it to him for an explanation. In response, he replied that the purported address on the letters was the result of a typographical error and provided what he claimed was the correct address for the firm's location in Providence. However, that address was also not an accurate one, and in fact the firm had no local address. Additionally, the respondent provided the name of an attorney admitted to practice law in this state as the attorney who was available to represent any Rhode Island clients that may be generated as a result of the solicitation letter. Subsequent investigation revealed that that attorney was not associated with the firm and had not agreed to provide such representation. Those misleading responses were in violation of Article V, Rule 8.1 of the Supreme Court Rules of Professional Conduct[7] and Rule 8.4(c).

At the hearing held before the board the respondent provided the following information which explains, but does not excuse, his conduct. The respondent has practiced law in the State of Georgia for thirty-six years and has no prior disciplinary history. In 2011 he purchased an existing corporation that had engaged in the business of loan mediation services in several states under a different corporate name. The respondent had no prior ownership interest in the corporation, and the corporate name was changed to Freeman Saxton, P.C., once he assumed an ownership interest. The corporation had several employees, including an office manager, at the time the respondent became the owner, and they continued in the employ of the new corporation.

The respondent made a decision to expand the business into additional states, including Rhode Island. However, the re-

---

with a list of the names and addresses of those to whom the solicitation was sent.

**5.** Article V, Rule 7.1 of the Supreme Court Rules of Professional Conduct entitled "Communications concerning a lawyer's services" provides, in pertinent part: "A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services."

**6.** Article V, Rule 8.4 of the Supreme Court Rules of Professional Conduct entitled "Mis-

conduct," provides in pertinent part: "It is professional misconduct for a lawyer to * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation * * *."

**7.** Article V, Rule 8.1 of the Supreme Court Rules of Professional Conduct entitled "Bar admission and disciplinary matters" provides, in pertinent part: "[A] lawyer in connection with * * * a disciplinary matter * * * shall not: (a) knowingly make a false statement of material fact * * *."

spondent incurred significant health problems, reduced the amount of time he was devoting to the operation of Freeman Saxton, P.C., and delegated to the office manager the responsibility to supervise the expansion of that business.

The respondent did not adequately instruct or supervise the office manager, a non-attorney, in carrying out those duties. The office manager copied a solicitation letter that had been used in other states without modifying it to reflect foreclosure practice in Rhode Island and was unaware of the filing requirements of our advertisement rules. Additionally, the office manager assumed, without verifying, that the designated Rhode Island counsel, who had performed similar local counsel services for other firms, would be willing to do so for Freeman Saxton, P.C. The office manager had researched the availability of office space in Rhode Island, but had not entered into an agreement to use such space. When responding to the initial complaint filed by Disciplinary Counsel, the respondent relied upon the representations of his office manager without making any investigation to determine whether those representations were accurate.

After hearing the testimony presented, the board concluded that the respondent's conduct was the result of unprofessional inattention and lack of supervision on the part of the respondent rather than a deliberate disregard of the Rules of Professional Conduct. Having heard the representations of respondent at our conference, we concur with the board's conclusion.

The respondent's ill-advised and poorly conceived foray into this state produced a host of rule violations, but not a single client who responded positively to the written solicitation. In fashioning a sanction to address those violations, we consider both aggravating and mitigating factors, *In re Fishbein*, 701 A.2d 1018, 1020 (R.I. 1997). We do not find any aggravating factors in this case, and are persuaded that the mitigating factors support the imposition of a sanction toward the lower end of the disciplinary spectrum. Article III, Rule 3 of the Supreme Court Rules of Disciplinary Procedure provides a range of available sanctions, including disbarment, suspension, public censure, or an order for community or *pro bono* legal service, among others. The purposes of professional discipline are to protect the public and maintain the integrity of the profession. *In re McBurney*, 13 A.3d 654, 655 (R.I.2011) (mem.). The board has recommended that we order the respondent to provide *pro bono* legal services as a sanction, and we agree that such a sanction is appropriate in this matter.

Accordingly, the respondent, Daniel J. Saxton, is hereby ordered to provide *pro bono* legal services to twelve Georgia residents within one year from the date of this order. The provision of *pro bono* services will be provided through referrals from the Cobb Justice Foundation, a partnership between Legal Aid of Cobb County and the Cobb Bar Association. The respondent shall submit monthly written reports to Disciplinary Counsel verifying his compliance with this order.