Supreme Court
No. 2014-238-M.P.

**In the Matter of Leonard L. Bergersen.**

# O R D E R

This attorney disciplinary matter came before the Court pursuant to a recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Leonard L. Bergersen (respondent), be suspended from the practice of law. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

> "If the board determines that a proceeding should be * * * concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

We directed the respondent to appear before this Court at its conference on September 10, 2014, to show cause, if any, why he should not be disciplined in accordance with the board's recommendation. The respondent appeared before this Court with counsel. Having heard the representations of the respondent, his attorney, and this Court's Disciplinary Counsel, we determine that cause has not been shown, and we adopt the recommendation of the board that the respondent be suspended from the practice of law for a period of eighteen months. The effective date of this suspension is retroactive to February 21, 2014, the date the respondent requested the clerk of this Court to place him on inactive status.

The following are the facts as determined by the board. The respondent was retained to represent Jennifer Fisheries, Inc., the owner of the fishing vessel F/V Prevail, in civil litigation pending in the United States District Court for the District of Rhode Island. On April 26, 2012, the president of Jennifer Fisheries, Inc., executed an escrow agreement that provided that the

1

respondent would hold the sum of $40,000 as escrow agent and would disburse those funds to the appropriate parties to be determined at the resolution of that litigation. On that same date a check for that amount, payable to "Leonard L. Bergersen, Esq., escrow agent," was delivered to the respondent; and, on the following day, April 27, 2012, he opened a savings account at the Washington Trust Company and deposited those escrow funds into that account.

On the same day the respondent opened a separate account at the Washington Trust Company as an escrow account for other clients, Wally and Rose Chin. That account was opened with a deposit of $50,000 belonging to the Chins, and those funds were to be used for the benefit of the Chins and various business entities controlled by them and for payment of legal fees to the respondent.

Between September of 2012 and March of 2013, the respondent disbursed $28,000 from the Chins' account to pay various entities and individuals as directed by those clients. He also disbursed $21,700 from that account to himself without the knowledge or consent of those clients. In February of 2013, Wally Chin directed the respondent to disburse $18,000 from his account to make a payment to Admirals Bank. However, at the time that request was made, the Chin account had been depleted, and the respondent could not make the requested payment from that account. He did not notify the Chins that there were insufficient funds remaining in their account to honor their request.

On March 25, 2013, the respondent withdrew $20,000 from the escrow account that had been established for Jennifer Fisheries, Inc. He did not notify that client that he was making that withdrawal or obtain authorization from any of the parties to the federal court litigation to do so. He applied $18,000 of those funds to make the payment on behalf of the Chins to Admirals Bank and used $2,000 for his own benefit.

2

In March of 2013, Jennifer Fisheries, Inc. retained new counsel to represent its interests in the pending federal court litigation. That new attorney made several requests to the respondent to forward the escrowed funds to his custody, but the respondent failed to do so. On May 23, 2013, an order was entered by the federal court directing the respondent to appear before that court on May 29, 2013 to provide a full accounting for the escrowed funds and to show cause why he had not transferred those funds to the custody of Jennifer Fisheries, Inc.'s new attorney. On May 29, 2013, the respondent tendered a check in the amount of $40,029.01 to new counsel for Jennifer Fisheries, Inc. The sources of those funds were the balance remaining in the Jennifer Fisheries escrow account (with accumulated interest) after the respondent had made the previously-noted withdrawal and an additional $20,000 he had borrowed to make up the shortfall in that account.

On January 6, 2014, formal disciplinary charges were brought against the respondent setting forth the above-noted facts and alleging that the respondent's conduct was in violation of Article V, Rules 1.15(a)[1], 1.15(d)[2], and 8.4(c)[3] of the Supreme Court Rules of Professional Conduct. A hearing on those charges was held before the board on May 20, 2014. The respondent appeared before the board, freely admitted to the facts, and acknowledged that his

---

[1] Article V, Rule 1.15(a) of the Supreme Court Rules of Professional Conduct entitled Safekeeping property," provides in relevant part: "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

[2] Rule 1.15(d) provides: "Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

[3] Article V, Rule 8.4 of the Supreme Court Rules of Professional Conduct entitled "Misconduct" provides in relevant part: "It is professional misconduct for a lawyer to: * * * (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation * * *."

conduct was in violation of the rules charged.[4]  He provided mitigation testimony that at the time of his misconduct he suffered from a major-depressive disorder that affected his judgment.  He made full restitution prior to the filing of any disciplinary complaint, and he fully cooperated with the investigation conducted by Disciplinary Counsel.  He has sought treatment for his condition, for which he takes medication.  He came to the conclusion on his own that his condition rendered him incapable of continuing to represent clients, and he voluntarily requested that he be placed on inactive status.  Having heard the respondent's admission of misconduct and considering the mitigation evidence, the board recommended that the respondent be suspended from the practice of law for eighteen months, retroactive to the date he went on inactive status.

We accept the findings of fact as made by the board and concur with the board's conclusions that the respondent violated the rules as charged.  In considering the recommended disposition, we are mindful that the purpose of professional discipline is protection of the public and maintaining the integrity of the profession.  In re McBurney, 13 A.3d 654, 655 (R.I. 2011) (mem).  The respondent has been a member of the bar of this state for thirty-one years, and he has not been the subject of any prior public discipline.  His conduct in this matter appears to be an anomaly, and we do not believe that it will be repeated.

However, the respondent's mental health issues do not excuse his misconduct.  In previous matters we have suspended attorneys from the practice of law after we have determined that the misappropriation of funds had been linked to substance-abuse issues that clouded the attorney's judgment and even where full restitution had been made prior to the commencement of disciplinary proceedings.  See In re Rocha, 86 A.3d 383, 387 (R.I. 2014) (mem.); In re

---

[4] An additional allegation that the respondent's conduct was in violation of Rule 8.4(b), which provides that it is misconduct for a lawyer to commit a "criminal act," was withdrawn at the commencement of the hearing.

Hellew, 828 A.2d 531, 533 (R.I. 2003) (mem.); In re Brown, 735 A.2d 774, 776 (R.I. 1999). We believe that this case warrants a similar result.

Accordingly, we adopt the recommendation of the board that the respondent be suspended from the practice of law for eighteen months, with the effective date of this order of suspension retroactive to February 21, 2014. At the conclusion of this eighteen month period of suspension, the respondent may apply to this Court for reinstatement pursuant to Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure.

Justices Goldberg and Indeglia did not participate.

Entered as an Order of this Court this 14th day of October 2014.

By Order,

_____/s/_____
Clerk

5



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   In the Matter of Leonard L. Bergersen.

**CASE NO:**   No. 2014-238-M.P.

**COURT:**   Supreme Court

**DATE ORDER FILED:**   October 14, 2014

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   N/A – Court Order

**JUDGE FROM LOWER COURT**:

   N/A – Court Order

**ATTORNEYS ON APPEAL:**

   For Petitioner:   David Curtin, Esq.
   Chief Disciplinary Counsel

   For Respondent:   Neil P. Philbin, Esq.