Supreme Court

In the Matter of Robert F. McNelis.                    No. 2014-320-M.P.

# O R D E R

This matter is before the Court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14, of the Supreme Court Rules of Disciplinary Procedure. The respondent, Robert F. McNelis, is a member of the bar of this state. He was also admitted to the practice of law before the United States District Court for the District of Rhode Island, and he was authorized to practice before the United States Bankruptcy Court for the District of Rhode Island.

It is the respondent's misconduct in representing clients before the Bankruptcy Court that has led to these proceedings. The United States Trustee filed a motion in the Bankruptcy Court alleging that the respondent had engaged in a pattern or practice of failing to provide his clients with various notices required by the United States Bankruptcy Code, 11 U.S.C. §342(b)(1); §527(a) and (b); and §528. Additionally, the Trustee alleged that the respondent submitted filings to the Bankruptcy Court by way of the court's electronic filing system that purported to contain the electronic signature of the client but in fact had not been so signed, and also failed to have original client signatures to filings as required under the Local Rules of the Bankruptcy Court.

On June 26, 2013, the respondent voluntarily entered into a consent order with the United States Trustee in which he acknowledged the misconduct described above and agreed to the imposition of sanctions. These sanctions enjoined the respondent from practicing before the

Bankruptcy Court for a period of one year; required that he complete twenty hours of continuing legal education, including ten hours devoted to legal ethics, as a condition of reinstatement before the Bankruptcy Court; and imposed a civil fine of $10,000, with collection of that fine stayed so long as the respondent remained in compliance with the terms of the consent order. That consent order further provided that the sanctions contained therein would be the final disposition of the trustee's motion. The order was entered by the Bankruptcy Court on July 2, 2013.

However, the entry of that order did not bring closure to these proceedings. Rule 214 of the Local Rules of the United States District Court, entitled "Action taken by other courts or disciplinary agencies" requires the District Court to issue an order to an attorney who has been disciplined in another court to show cause why the District Court should not impose identical discipline. The District Court issued such an order to the respondent. On October 24, 2013, having determined that cause had not been shown, the District Court suspended the respondent from practicing before that court for a period of one year.

Rule 14, entitled "Reciprocal discipline," requires Disciplinary Counsel, upon notice that a lawyer admitted to practice in this state has been disciplined in another jurisdiction, to obtain a certified copy of that disciplinary order and file it with this Court. On November 6, 2013, Disciplinary Counsel filed a certified copy of the October 24, 2013 order of the District Court along with a petition for the imposition of reciprocal discipline. On November 14, 2013, we entered an order directing the respondent to inform this Court of any claim he may have that the imposition of identical discipline in this state would be unwarranted, and the reasons therefore. The respondent appeared before this Court at its conference on January 16, 2014, with counsel. Having heard the representations of the respondent, his attorney, and Disciplinary Counsel, we

deem that the imposition of a disciplinary sanction is appropriate. However, we decline to impose identical discipline in this matter.

Our review of the facts of this matter indicates that the respondent is a relatively young attorney, having been admitted to the bar in this state in 2010. At the time of his misconduct he had limited experience practicing before the Bankruptcy Court. His misconduct before that court warranted discipline, and we find the sanctions he consented to in the Bankruptcy Court and that were subsequently imposed by the District Court to be appropriate. However, we believe that imposing a period of suspension before our state courts, which would result in his continued ineligibility to practice in the federal courts, is not necessary to satisfy the purposes of professional discipline. Those purposes are two-fold: protection of the public and maintaining the integrity of the profession. In re McBurney, 13 A.3d 654, 655 (R.I. 2011) (mem.). In the present case we believe those purposes can best be served by the imposition of a public censure.

Accordingly, the respondent, Robert F. McNelis, is hereby publicly censured.

Entered as an Order of this Court this 21st Day of November, 2014.

By Order,


_____/s/_____
Clerk

- 3 -


**TITLE OF CASE:**      In the Matter of Robert F. McNelis.

**CASE NO:**      No. 2014-320-M.P.

**COURT:**      Supreme Court

**DATE ORDER FILED:**      November 21, 2014

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**JUDGE FROM LOWER COURT**:

       N/A

**ATTORNEYS ON APPEAL:**

       For Petitioner:   David D. Curtin, Esq.
                           Disciplinary Counsel

       For Respondent:  Lauren E. Jones, Esquire