Supreme Court

In the Matter of Dawn M. Vigue Thurston.      No. 2015-359-M.P.

# O R D E R

This matter is before the court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14(a), of the Supreme Court Rules of Disciplinary Procedure. The respondent, Dawn M. Vigue Thurston, is a member of the bar of this state. At all times pertinent to these proceedings, she was also admitted to practice law before the United States District Court for the District of Rhode Island and the United States Bankruptcy Court for the District of Rhode Island. It is the respondent's misconduct in representing clients in the United States Bankruptcy Court which has resulted in the filing of the petition by Disciplinary Counsel.

The pertinent facts are as follows. The respondent was a partner in the practice of law with Thomas J. Howard, Jr., doing business under the name "Aurora Law." On September 17, 2013, the United States Trustee for Region One filed a motion in the bankruptcy case of In re Sean Patrick Holly and Aura C. Fazardo Quintero, BK No. 13-10985 (Holly), seeking an order that the respondent be required to disgorge the fees she had received from her client, the imposition of civil penalties, injunctive relief, and the suspension of her privileges to file bankruptcy petitions on behalf of clients. The trustee alleged that the respondent had filed numerous documents in the Holly and other cases bearing the clients' electronic signatures without first obtaining the clients' actual signature in violation of Rule 1008 of the Federal Rules of Bankruptcy Procedure and Rule 5005-4(j) of the Rhode Island Local Bankruptcy Rules. Additionally, the trustee alleged that the respondent had filed inaccurate disclosures of

- 1 -

compensation in the Holly and other cases, had engaged in a pattern and practice of filing inaccurate applications to pay filing fees in installments, and had failed to provide clients with notices and disclosures required by the Bankruptcy Code.

On February 26, 2014, while represented by counsel, the respondent signed a consent order with the trustee in which she acknowledged that she had engaged in a pattern or practice of filing petitions, schedules, and documents with the Bankruptcy Court without obtaining the actual signatures of the respective debtors. The consent order permanently enjoined the respondent and any person acting in concert with her directly or indirectly from filing any documents with the Bankruptcy Court that required the electronic signature of the debtor without first obtaining the debtor's original signature; permanently enjoined her and any person acting in concert with her from directly or indirectly violating Rule 5005-4(j) by failing to retain original documents containing original signatures for two years after a bankruptcy case is closed; and permanently enjoined her and any person acting in concert with her from directly or indirectly filing applications to pay filing fees in installments in cases where the filing fee was collected prior to filing a bankruptcy case.

The consent order signed by the respondent further provided that she would pay a $10,000 fine to the trustee, the collection of which the trustee would forebear so long as she complied with the terms of the consent order, and also provided that the respondent's electronic filing privileges in the Bankruptcy Court were revoked for one year. The consent order included a provision that notice of the consent order would be provided to the United States District Court as well as Disciplinary Counsel. The consent order was entered by the Bankruptcy Court on February 26, 2014.[1]

---

[1] On February 28, 2014, an amended order was entered by the Bankruptcy Court. However, that amendment did not materially alter the terms of the original consent order.

On March 12, 2014, two weeks after the entry of the above-noted consent order, Milka E. Santana retained Aurora Law to represent her in a bankruptcy proceeding. She paid $1,500 to Aurora Law for the representation and received a receipt prepared by the respondent indicating "paid in full." On May 1, 2014, the respondent's law partner, Thomas J. Howard, Jr., (Howard) filed a bankruptcy petition on behalf of the debtor using the Bankruptcy Court's electronic filing system. Along with the bankruptcy petition, Howard filed an application to pay the filing fee in installments representing that the debtor did not have the ability to pay the filing fee in full. The application bore the electronic signature of the debtor. However, the debtor had not actually signed the application, and the application was filed without the knowledge or consent of the debtor.

On October 22, 2014, the trustee filed a motion in Holly seeking a finding that the respondent and Howard had violated the terms of the consent order, requiring the immediate payment of the suspended fine, and for "such other and further relief as justice demands." On the same day the trustee filed a motion in In re Milka E. Santana, B.K. No. 14-11041 (Santana) against the respondent and Howard seeking the return of fees, injunctive relief, civil penalties, and the suspension of both attorneys' filing privileges in the Bankruptcy Court. After review of the motions filed by the trustee, the Bankruptcy Court referred both matters to the United States District Court for possible disciplinary action against the respondent and Howard. The District Court referred both matters back to the Bankruptcy Court to make findings of fact and recommendations for disposition to be forwarded to the District Court for possible disciplinary action.

On March 10, 2015, represented by counsel, the respondent signed a consent order in both the Holly and Santana cases stipulating to the above-noted facts, acknowledging that she

had violated the terms of the consent order entered in <u>Holly</u>, and acknowledging that both she and Howard had engaged in a pattern or practice of filing petitions, schedules and documents with the Bankruptcy Court without obtaining original signatures of their clients.  The consent order further provided that the respondent, her agents, partners, servants, employees, associates or any person or entity in active concert and participation with her shall be enjoined from acting as a debt relief agency for two years, that her filing privileges in the Bankruptcy Court were revoked for two years, that she must pay a fine of $20,000 to the trustee as a condition to the termination or modification of the injunction against her acting as a debt relief agency, and that she and Howard are jointly and severally liable for the return of $1,200 in fees to Milka Santana. The consent order provided that notice of the order would be provided to the District Court and Disciplinary Counsel.

On May 1, 2015, after consideration of the motions filed by the trustee and the consent order entered by the respondent, the Bankruptcy Court issued its report and recommendation pursuant to the directive of the District Court.  The Bankruptcy Court concluded that the sanctions agreed to in the consent order were appropriate and recommended that the District Court impose those sanctions.  Additionally, the Bankruptcy Court found that the respondent had violated Article V, Rules 1.1, 8.4(a), and 8.4(d) of the Supreme Court Rules of Professional Conduct.[2]  The Bankruptcy Court recommended that the respondent be suspended from the

---

[2]  Article V, Rule 1.1 of the Supreme Court Rules of Professional Conduct, entitled "Competence," provides:  "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonable necessary for the representation."

Rule 8.4(a), entitled, "Misconduct," provides in relevant part:  "It is professional misconduct for a lawyer to:
"(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another * * *."

practice of law before the District Court and Bankruptcy Court for two years as a sanction for those rule violations.

On May 7, 2015, after receipt of the report and recommendation of the Bankruptcy Court, the District Court entered an order providing the respondent the opportunity to file an objection and notifying the respondent that failure to file an objection within fourteen days would be deemed a waiver of any objection. The respondent did not file a response to that order.

On July 16, 2015, the District Court entered an order suspending the respondent from the practice of law in the District and Bankruptcy Courts for two years. The District Court also adopted the recommendation that the respondent and her agents, partners, servants, employees, associates or any person or entity in active concert and participation with her, be enjoined from acting as a debt-relief agency for two years; and that the respondent return the sum of $1,200 to Milka Santana. The District Court declined to adopt the recommendation that the respondent pay a fine of $20,000 to the trustee.

Article III, Rule 14(a) of the Supreme Court Rules of Disciplinary Procedure for Attorneys, entitled "Reciprocal discipline," requires that Disciplinary Counsel, upon receiving notice that a lawyer admitted to practice in this state has been disciplined in another jurisdiction, obtain a certified copy of that order and file it with this Court. On September 30, 2015, Disciplinary Counsel filed a copy of the District Court order along with his petition for the

Rule 8.4(d), entitled, "Misconduct," provides in relevant part: "It is professional misconduct for a lawyer to:
"(d) engage in conduct that is prejudicial to the administration of justice * * *."

Rule 208 of the Local Rules of the United States District Court for the District of Rhode Island provides that the Rules of Professional Conduct, as adopted by the Rhode Island Supreme Court, shall be the Standards of Professional Conduct for attorneys appearing before the District Court.

imposition of reciprocal discipline. On October 14, 2015, the respondent filed a response to that petition asserting that the imposition of identical discipline by this Court would be unwarranted. We directed the respondent to appear before this court at its conference on November 19, 2015. The respondent appeared pro se. Having heard the representations of the respondent and Disciplinary Counsel, we deem that the imposition of a disciplinary sanction is appropriate. However, we decline to impose identical discipline in this matter.

The respondent has been a member of the bar in this state since 2002. She has no prior record of professional discipline. Her misconduct before the Bankruptcy Court warranted the imposition of discipline, and the two-year suspension from the practice of law in the Bankruptcy and District Courts is appropriate. However, we are of the opinion that the imposition of a two-year suspension in our state courts as well would be an unduly harsh sanction.

The purposes of professional discipline are twofold: protection of the public and maintaining the integrity of the profession. In re McBurney, 13 A.3d 654, 655 (R.I. 2011)(mem.). We are satisfied that those two purposes can be served in this matter by imposing a sixty-day suspension from the practice of law in our state courts. Accordingly, we suspend the respondent from the practice of law for a period of sixty days, commencing thirty days from the date of this order.

Entered as an Order of this Court this 18th Day of December 2015.

By Order,

_____/s/_____
Clerk

- 6 -



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      In the Matter of Dawn M. Vigue Thurston.

**CASE NO:**      No. 2015-359-M.P.

**COURT:**      Supreme Court

**DATE ORDER FILED:**      December 18, 2015

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**JUDGE FROM LOWER COURT**:

        N/A

**ATTORNEYS ON APPEAL:**

        For Petitioner:      David D. Curtin, Esq.
                                        Disciplinary Counsel

        For Respondent:  Dawn M. Vigue Thurston, Pro Se