Supreme Court

In the Matter of Robert F. McNelis.                    No. 2016-302- M.P.


## ORDER


This attorney disciplinary matter came before the Court at its conference on October 19, 2016, pursuant to a decision and recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Robert F. McNelis, receive a public censure. Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure provides in pertinent part:

> "If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."

We directed the respondent to appear before this Court to show cause, if any, why we should not impose the sanction recommended by the board. The respondent appeared before the Court, pro se. Having heard the representations of the respondent and this Court's Disciplinary Counsel and having reviewed the record, we determine that the respondent has failed to show cause why he should not be publicly censured.

The relevant facts as determined by the board at a hearing on April 19, 2016, arise from the respondent's association with Hassan Majid Hussein, a non-attorney who offered to provide assistance to members of the public who, as a result of financial need, were seeking to modify existing mortgage loans to reduce their debt burdens. Mr. Hussein, who had previously served a sentence in federal prison for criminal charges involving mortgage fraud, was under

investigation by the Department of Attorney General based upon consumer complaints relating to his activities. In April 2013, the respondent represented Hussein at a meeting at the Attorney General's office at which Hussein was advised that he could only continue to offer loan modification services if he worked under the direct supervision of a duly licensed attorney. The respondent and Hussein agreed that the respondent would act as that supervising attorney.

By assuming that role, the respondent subjected himself to the requirements set forth in Article V, Rule 5.3 of the Supreme Court Rules of Professional Conduct. That rule, entitled "Responsibilities regarding nonlawyer assistants" provides as follows:

> **"Rule 5.3. Responsibilities regarding nonlawyer assistants.** With respect to a nonlawyer employed or retained by or associated with a lawyer:
>
> "(a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;
> "(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and
> "(c) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:
> "(1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or
> "(2) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take remedial action."

The respondent completely failed to comply with the obligations imposed by Rule 5.3. He shared office space with Hussein, but failed to supervise his activities. That failure directly led to the following events.

In August of 2013, Patricia Antonelli was seeking assistance in obtaining a modification to an existing mortgage on her residence. She was referred to Hussein. She met with Hussein at the respondent's office on October 1, 2013, and was advised by Hussein of certain actions he claimed she needed to take to obtain her desired goal of reducing her debt. Hussein recommended to Antonelli that she transfer title to her real estate to her son, and he requested that she pay him $300 to pay for the cost of recording a deed to effectuate that transaction.

Antonelli provided Hussein with a credit card to pay for the recording. However, Hussein charged $3,000, not $300, to the credit card; and those funds were deposited into a law office business account belonging to the respondent. Hussein advised Antonelli that she would also have to pay him additional fees relating to loan modification services. Antonelli provided Hussein with a different card to pay those fees. Hussein proceeded to scan her credit card four times under the false pretense that his electronic scanner was not functioning properly. It was not until Antonelli received her credit card statement that she realized that Hussein had made four separate charges of $3,500, $3,000, $2,900, and $1,500 on her charge card. All of those funds were deposited into the law office business account of the respondent.

The respondent was not present when Hussein met with Antonelli, rendered his advice, and received payment from Antonelli. He also provided Hussein unfettered access to his bank account, leaving pre-signed blank checks for his account that were readily available to Hussein. Within days of Antonelli's funds being deposited in the account, Hussein issued checks to himself or business entities controlled by him. None of the funds were received by McNelis. In fact, McNelis was not aware that the funds had been deposited into his account or withdrawn by Hussein until Antonelli contacted him to raise concerns about her money. When asked at the

disciplinary hearing how often he reviewed his business account, his response was "not often, if ever."

Article V, Rule 1.15 of the Supreme Court Rules of Professional Conduct, entitled "Safekeeping property provides, in pertinent part:

> "(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from a lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded."

By allowing Hussein to meet with and receive payments from clients and by giving him free access to his law office account, the respondent created the opportunity for Hussein, a previously convicted felon, to victimize Antonelli and potentially other clients as well. The respondent failed in his obligation to safeguard Antonelli's money.

The board found, and we agree, that McNelis did not benefit from and indeed was not even aware of Hussein's actions relating to Antonelli. While he did not receive any of the funds taken by Hussein, he has repaid to date $9,100 of his own funds to compensate Antonelli for her losses. He has severed his connections to Hussein, and he has advised the board and this Court that he and his family have also been victimized by actions of Hussein.

However, McNelis's belated remedial acts do not relieve him from his responsibilities under the Rules of Professional Conduct. His conduct as demonstrated in this matter constitutes foolishness to the point of recklessness. We note that this is not the respondent's first brush with discipline, having previously received a public censure in a reciprocal matter arising from his suspension by the United States District Court for the District of Rhode Island. See In re McNelis, 103 A.3d 145 (R.I. 2014). In that matter, we concluded that his relative youth and

- 4 -

inexperience (he was admitted to practice in 2010) warranted the imposition of less than a suspension.

We accept the board's recommendation of a public censure in this matter, but the respondent is hereby warned that any future violations will result in the imposition of more serious sanctions. He has had ample opportunity to learn from his errors.

Accordingly, the respondent, Robert F. McNelis, is hereby publicly censured.


Entered as an Order of this Court this 22nd Day of November, 2016.


By Order,


_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

---

**TITLE OF CASE:**       In the Matter of Robert F. McNelis.

**CASE NO:**              No. 2016-302-M.P.

**COURT:**                Supreme Court

**DATE ORDER FILED:**     November 22, 2016

**JUSTICES:**             Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**           N/A – Court Order

**JUDGE FROM LOWER COURT**:

        N/A

**ATTORNEYS ON APPEAL:**

        For Petitioner:    David D. Curtin, Esq.
                              Disciplinary Counsel

        For Respondent:  Robert F. McNelis, Pro Se