**Supreme Court**
No. 2020-159-M.P.

In the Matter of Michael K. Glucksman.        :

# O R D E R

This attorney disciplinary matter came before the Court pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure.  On October 11, 2024, the Disciplinary Board of the Supreme Court (the Board) forwarded to us two decisions finding that the respondent, Michael K. Glucksman, had violated the Supreme Court Rules of Professional Conduct, along with its recommendation that we publicly censure the respondent.  Rule 6(d) provides:

> "If the [Disciplinary] Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order. Proceedings, if any, before this Court shall be conducted by [Disciplinary] Counsel."

We directed respondent to appear before the Court at its conferences on November 14, 2024, and again on April 10, 2025, to show cause, if any, why we should not accept the recommendation of the Board.  The respondent appeared before the Court at the November conference with counsel.  The respondent appeared before the Court at the April conference by himself but with the consent of

his counsel and the Court.  Having heard the representations of respondent and this Court's Disciplinary Counsel, we concur with the decision of the Board that respondent violated several Rules of Professional Conduct and hereby publicly censure the respondent for his actions.

The respondent was authorized to practice law in the State of Rhode Island during all times material to this matter.  The respondent is subject to the Rules of Professional Conduct as adopted and promulgated as Article V of the Rhode Island Supreme Court Rules.  The Board heard two separate amended petitions for disciplinary action at one hearing held on March 13, 2024.  The Court takes each case in turn.

With respect to the first matter (the *Esposito* matter), on or about October 2014, Ms. Patricia Esposito retained respondent to represent her in a potential claim against The Providence Mutual Insurance Fire Company (Providence Mutual) related to denial of coverage for an automobile accident. Ms. Esposito paid respondent a $1,000 retainer for her representation.  After multiple communication requests regarding the status of her claim and sporadic responses from respondent, Ms. Esposito filed a disciplinary complaint on January 19, 2018.

While the disciplinary complaint was pending, respondent agreed to file a civil suit on behalf of Ms. Esposito to pursue her claim.  The respondent subsequently filed three separate but duplicative actions in August 2018, August

- 2 -

2019, and August 2020. The respondent failed to serve the complaint upon Providence Mutual within the required service period of one hundred twenty (120) days in both the 2018 and 2019 actions.

On June 18, 2020, after the second mishandling and failed attempt, then-Chief Disciplinary Counsel David Curtin filed a petition for disciplinary action based on respondent's conduct. Due to the pandemic, the movement forward of this case was delayed. As of the filing of the 2020 petition, respondent had not informed Ms. Esposito that he failed to obtain service of the summons and complaint in the 2019 civil action.

On May 18, 2022, an order entered in the 2020 lawsuit granting Providence Mutual's motion for summary judgment, and final judgment entered that same day. On June 7, 2022, respondent, on behalf of his client Ms. Esposito, filed a notice of appeal from the order granting Providence Mutual's motion for summary judgment. That same day, on June 7, 2022, respondent sent Ms. Esposito an email stating in pertinent part, "As per our conversation, I have appealed the Summary Judgment Order in favor of the defendant. Upon receipt of transcript of said preceding [*sic*], together we will make the decision when to proceed further with the appeal * * *." The respondent never ordered the transcript and thus did not transmit it to the Court. On October 11, 2022, counsel for Providence Mutual filed a motion to dismiss Ms. Esposito's appeal, and on October 25, 2022, the Superior Court entered an order

granting the motion to dismiss.

On September 12, 2023, in preparation for a public disciplinary hearing initially scheduled for October 11, 2023, on the 2020 petition, Deputy Disciplinary Counsel Maria R. Lenz sent correspondence to respondent requesting an update on the status of the *Esposito* matter no later than September 27, 2023. The deadline passed. The respondent sent a letter dated October 2, 2023, which was received by Deputy Disciplinary Counsel Lenz on October 13, 2023. The representations made in the letter were subsequently found to be untrue because respondent stated that he had "informed the clients, filed an appeal and ordered the transcript" when in fact he never ordered the transcript so no transcript was transmitted to the Court to properly docket the appeal.

On October 23, 2023, Deputy Disciplinary Counsel Lenz sent additional correspondence to respondent's counsel addressing the representation made by respondent that he had ordered the transcript for the appeal:

> "A review of the Superior Court docket for the underlying matter shows that the Court granted the Defendant's motion to dismiss the appeal based upon plaintiff/appellant's failure to order the Superior Court transcript and thus failure to properly docket the appeal. * * * Attorney Glucksman never withdrew his appearance from the Superior Court matter."

Disciplinary Counsel filed an amended petition on January 25, 2024 to include allegations related to the misrepresentations in respondent's October 2, 2023

correspondence. At the time of the filing of that amended petition, respondent remained listed on the docket as counsel of record for Ms. Esposito.

With respect to the second matter (the *Hann* matter), on or about July 27, 2018, Lori L. Hann and Christopher J. Hann (hereinafter, "the Hanns"), retained respondent to represent them in filing for bankruptcy. The Hanns paid respondent $1,835 via check dated July 27, 2018, for the representation and provided respondent with documents to support their bankruptcy petition. After multiple communication requests regarding status updates and requests for a case number, respondent made representation to the Hanns that the bankruptcy petition had been filed. In actuality, respondent had not filed the bankruptcy petition. The respondent also failed to adequately communicate with the Hanns. The Hanns subsequently filed a disciplinary complaint on July 16, 2019, requesting the return of their documents and their $1,835 payment.

On November 13, 2019, respondent hand-delivered $1,840 cash to the Office of Disciplinary Counsel to return to the Hanns. On November 21, 2019, Disciplinary Counsel requested an explanation of why he returned their retainer in cash versus check, and respondent did not reply.

On June 18, 2020, then-Chief Disciplinary Counsel Curtin filed a petition for disciplinary action against respondent for his conduct. Due to the pandemic, the movement forward of this case was also delayed. On September 12, 2023, in

preparation for a public disciplinary hearing initially scheduled for Wednesday, October 11, 2023, on the 2020 petition, Deputy Disciplinary Counsel Lenz sent correspondence to respondent requesting an update on the *Hann* matter no later than September 27, 2023. The deadline passed. The respondent sent a letter dated October 2, 2023, which was received by Disciplinary Counsel on October 13, 2023. The representations made by respondent in this letter—that he sent the bankruptcy petition to the Hanns and that they received back all of their original documents—were subsequently found by the Board to be untrue.

On March 13, 2024, a public hearing was held on both the *Esposito* and *Hann* matters and respondent testified under oath. Regarding the *Esposito* matter, respondent admitted to his inaction that resulted in a dismissal of Ms. Esposito's case and stipulated that he filed the appeal but that he never ordered the transcript. Regarding the *Hann* matter, Mrs. Hann testified and confirmed all of the background facts to be true, and respondent admitted he never filed their bankruptcy petition. The respondent further testified to certain mitigating factors that the Board took into consideration for both matters. The Board concluded respondent's conduct in *Esposito* violated Rule 1.1 ("Competence"), Rule 1.3 ("Diligence"), Rule 1.4(a)("Communication"), Rule 8.1(b) ("Bar admission and disciplinary matters"), and Rule 8.4(a) and (c) ("Misconduct") of the Rules of Professional Conduct. The Board concluded respondent's conduct in *Hann*

violated Rule 1.1 ("Competence"), Rule 1.3 ("Diligence"), Rule 1.4(a)("Communication"), Rule 1.16(d) ("Declining or terminating representation"), Rule 8.1(b) ("Bar admission and disciplinary matters"), and Rule 8.4 ("Misconduct") of the Rules of Professional Conduct.

The Board next turned to the issue of an appropriate sanction to recommend to this Court. In fashioning an appropriate sanction, the Board and this Court are cognizant that the purposes of professional discipline are to protect the public and to maintain the integrity of the profession, *In re McBurney*, 13 A.3d 654, 655 (R.I. 2011) (mem.), and not to punish the attorney, *In re Almonte*, 678 A.2d 457, 458 (R.I. 1996). Mitigating and aggravating factors must be weighted to determine the proper level of discipline that should be imposed. *In re Fishbein*, 701 A.2d 1018, 1020 (R.I. 1997). "While this Court gives great weight to the recommendations of the [B]oard, we remain the final arbiter of professional discipline." *In re Hellew*, 828 A.2d 531, 533 (R.I. 2003) (mem.). Here, the Court adopts the Board's findings of fact in *Esposito* and finds that respondent's conduct violated Rule 1.1 Rule 1.3, Rule 1.4(a), Rule 8.1(b), and Rule 8.4(a) and (c). The Court also adopts the Board's findings of fact in *Hann* and finds respondent's conduct violated Rule 1.1, Rule 1.3, Rule 1.4(a), Rule 1.16(d), Rule 8.1(b), and Rule 8.4(a) and (c) of the Rules of Professional Conduct. In consideration of the mitigation presented by respondent, the Court further adopts the Board's recommendation of a public censure in both the *Esposito*

and *Hann* matters and orders respondent to comply with the additional requirements as set forth in the Board's decisions to the Board's satisfaction.  Should respondent fail to fully comply with the Board's requirements, respondent's failure to comply shall immediately be brought back before this Court for further proceedings.

    The respondent is hereby publicly censured in both matters.

    Entered as an Order of this Court this *28th* day of *April 2025*.

By Order,

/s/ *Meredith A. Benoit*
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Michael K. Glucksman. | |
| **Case Number** | No. 2020-159-M.P. | |
| **Date Order Filed** | April 28, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Maria R. Lenz, Esq.<br>Deputy Disciplinary Counsel | |
| | For Respondent:<br><br>Thomas R. Ricci, Esq. | |