**In the Matter of Thomas J. HOWARD, Jr.**

**No. 2015–24–M.P.**

Supreme Court of Rhode Island.

Feb. 24, 2015.

David D. Curtin, Esq., Disciplinary Counsel.

John H. Ruginski, Jr., Esq.

## ORDER

This attorney disciplinary matter comes before us pursuant to Article III, Rule 6 of the Supreme Court Rules of Disciplinary Procedure. On November 13, 2014, the Disciplinary Board of the Supreme Court (board) forwarded to us a decision finding that the respondent, Thomas J. Howard, Jr., had violated several rules contained within the Supreme Court Rules of Professional Conduct, along with a recommendation that we suspend the respondent from the practice of law for twelve months as a sanction for that misconduct. Additionally, the board recommended that the respondent make restitution as a condition of his subsequent reinstatement to the practice of law.

We directed the respondent to appear before this Court at its conference on January 8, 2015, to show cause, if any, why he should not be disciplined in accordance with the board's recommendation. The respondent appeared before the Court, with counsel. Having heard the representations of the respondent, his attorney, and this Court's Disciplinary Counsel, we deem that cause has not been shown and that discipline is appropriate in this matter.

The following are the facts as determined by the board at a disciplinary hearing on June 17, 2014. Jovina Corriveau was a resident at Berkshire Place Nursing Home who required assistance in the handling of her financial affairs. On May 16, 2012, she retained the respondent as her attorney, and executed a fee agreement whereby she agreed to pay him an initial minimum retainer fee of $5,000, and authorized him to receive further reasonable fees for services rendered. She also executed a limited power of attorney appointing the respondent to act as her attorney-in-fact for financial matters. The limited power of attorney, prepared by the respondent, required him to provide monthly accountings of Corriveau's funds and also precluded him from exercising any power granted therein for his own benefit.

At the time Corriveau executed the limited power of attorney, her assets consisted of $60,827.48 on deposit in bank accounts. She did not own any real estate, and her personal property was of negligible value. Her income consisted of a monthly payment from Social Security of $900 (increased to $913 on January 1, 2013) which was deposited directly into her bank account, and a monthly pension check of $123.42 which was mailed to her. Her biggest expense was her monthly rental payment to the nursing home.

This matter initially came to the attention of the board on June 28, 2013, when the nursing home filed a complaint with the office of Disciplinary Counsel alleging that the respondent had failed to pay Corriveau's rent for a substantial period of time, and that he was not responding to attempts by staff of the nursing home to contact him. Investigation of that complaint led to the filing of formal disciplinary charges. The board summarized its findings as follows.

First, the board concluded that the respondent provided incompetent representation to Corriveau in violation of Article V, Rule 1.1 of the Supreme Court Rules of

Professional Conduct.[1] This conclusion was based on the board's findings that the respondent was not familiar with powers of attorney and that he spent an inordinate amount of time (for which he charged Corriveau) to prepare two unsuccessful applications for Medicaid benefits, and eventually hired an agency to prepare a proper application, which was successful, for a fee of $900 (also charged to Corriveau). As expressed by the board, the respondent was "over his head in almost all competency aspects of this matter."

Second, the board concluded that the respondent had charged Corriveau an unreasonable fee, in violation of Article V, Rule 1.5(a) of the Supreme Court Rules of Professional Conduct.[2] Within three months of the respondent being retained by Corriveau, and after receipt of the initial $5,000 retainer, the respondent withdrew an additional $13,500 from Corriveau's bank accounts for alleged fees, and an additional $6,850 within the following six months, for a total fee of $24,850. All of these withdrawals were made without the submission of any bills and without any accounting having been provided to Corriveau, in violation of the specific terms of the limited power of attorney. The only time the respondent provided an account-

ing was at the disciplinary hearing, where he submitted a claim that he had performed 183 hours of services on behalf of Corriveau. That accounting was not based on contemporaneous time records, as the respondent acknowledged it had been reconstructed as he had lost or inadvertently destroyed his records. The board found that the respondent's reconstructed accounting was not credible, and that within that accounting he was seeking legal fees for non-legal services. In the words of the board, the respondent used Corriveau's funds "as his private ATM" (Automated Teller Machine).

Third, the board concluded that the respondent failed to adequately safeguard Corriveau's funds, in violation of Article V, Rule 1.15(d) of the Supreme Court Rules of Professional Conduct.[3] The respondent failed to collect and deposit for the benefit of Corriveau the monthly pension checks that were being mailed. As of result, those checks were returned to the payor, depriving Corriveau of those funds.

Finally, the board concluded the respondent violated Article V, Rule 1.19(c) of the Supreme Court Rules of Professional Conduct.[4] The respondent wrote checks from

1. Article V, Rule 1.1 of the Supreme Court Rules of Professional Conduct entitled "Competence" provides, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

2. Article V, Rule 1.5 of the Supreme Court Rules of Professional Conduct entitled "Fees" provides in pertinent part "(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

3. Article V, Rule 1.15 of the Supreme Court Rules of Professional Conduct entitled "Safekeeping property" provides, in pertinent part: "(d) Upon receiving funds or other property in which a client or third person has an

interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property."

4. Article V, Rule 1.19 of the Supreme Court Rules of Professional Conduct entitled "Required bookkeeping records," provides, in relevant part:

"(c) All special account withdrawals shall be made only to a named payee and not to cash. Such withdrawals shall be made by check or, with the prior written approval of

Corriveau's account payable to "cash," which he then cashed for his own use. He also wrote checks to third parties from Corriveau's account to make payments of his own expenses.

Having made the above-noted findings of fact and concluding the respondent violated the rules as charged, the board has recommended that we suspend the respondent from the practice of law for twelve months, and that he be ordered to return to the client, or to her estate, all fees received in excess of the initial retainer of $5,000.[5] We have carefully reviewed the board's findings of facts and conclusions regarding the violations of the rules, and concur with the board's findings and conclusions. However, if we were to adopt the sanction recommended by the board the respondent would be automatically reinstated at the conclusion of the twelve-month period, provided he has made restitution. We believe that the respondent's misconduct is such that he must apply to this Court for reinstatement as provided in Article III, Rule 16 of the Supreme Court Rules of Disciplinary Procedure and that he must make restitution of all sums received from Corriveau in excess of $5,000 prior to applying for reinstatement.

Accordingly, it is hereby ordered, adjudged and decreed that the respondent, Thomas J. Howard, Jr., is suspended from the practice of law for at least one year, commencing thirty days from the date of this order. During this thirty-day period he shall conclude those pending client matters that can be resolved and arrange for the orderly transfer of his remaining client matters to new counsel of the clients' choice. He shall not take on any new matters.

Within ten days of the commencement of his suspension, the respondent shall comply with the mandates of Article III, Rule 15 of the Supreme Court Rules of Disciplinary Procedure. At the conclusion of this one-year period of suspension, the respondent may apply to this Court for reinstatement pursuant to Rule 16.

---

the party entitled to the proceeds, by bank transfer."

**5.** Corriveau passed away shortly before the hearing held by the board.