Supreme Court

In the Matter of Thomas J. Howard, Jr.          No. 2015-360-M.P.

**O R D E R**

This matter is before the court pursuant to a petition for reciprocal discipline filed by this Court's Disciplinary Counsel in accordance with Article III, Rule 14(a), of the Supreme Court Rules of Disciplinary Procedure. At all times material to this matter, the respondent, Thomas J. Howard, Jr., was a member of the Rhode Island Bar and also admitted to practice law before the United States District Court for the District of Rhode Island and the United States Bankruptcy Court for the District of Rhode Island. It is the respondent's misconduct in representing clients in the United States Bankruptcy Court which has resulted in the filing of the petition by Disciplinary Counsel.

The pertinent facts are as follows. The respondent was a partner in the practice of law with Dawn M. Vigue Thurston (Vigue Thurston), doing business under the name "Aurora Law." On September 17, 2013, the United States Trustee for Region One filed a motion in the bankruptcy case of In re Sean Patrick Holly and Aura C. Fazardo Quintero, BK No. 13-10985 (Holly), seeking an order that the respondent's law partner, Vigue Thurston, be required to disgorge fees she had received from her client, the imposition of civil penalties, injunctive relief, and the suspension of her privileges to file bankruptcy petitions on behalf of clients. The trustee alleged that Vigue Thurston had filed numerous documents in Holly and in other cases bearing the clients' electronic signatures without first obtaining the clients' actual signature in violation of Rule 1008 of the Federal Rules of Bankruptcy Procedure and Rule 5005-4(j) of the Rhode

Island Local Bankruptcy Rules. Additionally, the trustee alleged that Vigue Thurston had filed inaccurate disclosures of compensation in the Holly and other cases, had engaged in a pattern and practice of filing inaccurate applications to pay filing fees in installments, and had failed to provide clients with notices and disclosures required by the Bankruptcy Code.

On February 26, 2014, Vigue Thurston signed a consent order with the trustee in which she acknowledged that she had engaged in a pattern or practice of filing petitions, schedules, and documents with the Bankruptcy Court without obtaining the actual signatures of the respective debtors. The consent order permanently enjoined Vigue Thurston and any person acting in concert with her from directly or indirectly filing any documents with the Bankruptcy Court that required the electronic signature of the debtor without first obtaining the debtor's original signature; permanently enjoined Vigue Thurston and any person acting in concert with her from directly or indirectly violating Rule 5005-4(j) by failing to retain original documents containing original signatures for two years after a bankruptcy case is closed; and permanently enjoined Vigue Thurston and any person acting in concert with her directly or indirectly from filing applications to pay filing fees in installments in cases where the filing fee was collected prior to filing a bankruptcy case. That consent order was entered by the Bankruptcy Court on February 26, 2014.

The respondent was aware of the terms of the consent order entered in the Holly case. As a partner in the practice of law with Vigue Thurston in Aurora Law he was a person acting in concert with her, directly or indirectly, in the filing of bankruptcy petitions on behalf of clients of Aurora Law. Accordingly, while he was not a signatory to the consent order, he was proscribed from engaging in the conduct prohibited under the terms of that order.

- 2 -

On March 12, 2014, two weeks after the entry of the above-noted consent order, Milka E. Santana retained Aurora Law to represent her in a bankruptcy proceeding. She paid $1,500 to Aurora Law for the representation and received a receipt prepared by Vigue Thurston indicating "paid in full." On May 1, 2014, the respondent filed a bankruptcy petition on behalf of Santana. In re Milka E. Santana, B.K. No. 14-11041 (Santana). Along with the bankruptcy petition, the respondent filed an application to pay the filing fee in installments representing that the debtor did not have the ability to pay the filing fee in full. The application bore the electronic signature of the debtor. However, the debtor had not actually signed the application, and the application was filed without the knowledge or consent of the debtor. At the time of the filing the respondent knew or should have known that Vigue Thurston had received payment from Santana and provided the receipt stating "paid in full."

On October 22, 2014, the trustee filed a motion in Holly seeking a finding that the respondent and Vigue Thurston had violated the terms of the consent order, and also filed a motion in Santana against the respondent and Vigue Thurston seeking the return of fees, injunctive relief, civil penalties, and the suspension of both attorneys' filing privileges in the Bankruptcy Court. After review of the motions filed by the trustee, the Bankruptcy Court referred both matters to the United States District Court for possible disciplinary action against the respondent and Vigue Thurston. The District Court referred both matters back to the Bankruptcy Court to make findings of fact and recommendations for disposition to be forwarded to the District Court for possible disciplinary action.

On March 10, 2015, represented by counsel, the respondent signed a consent order in both the Holly and Santana cases stipulating to the above-noted facts, acknowledging that he had violated the terms of the consent order entered in Holly, and acknowledging that both he and

- 3 -

Vigue Thurston had engaged in a pattern or practice of filing petitions, schedules and documents with the Bankruptcy Court without obtaining original signatures of their clients. The consent order further provided that the respondent, his agents, partners, servants, employees, associates or any person or entity in active concert and participation with him shall be enjoined from acting as a debt-relief agency for two years, that his filing privileges in the Bankruptcy Court were revoked for two years, that he must pay a fine of $10,000 to the trustee as a condition to the termination or modification of the injunction against him acting as a debt relief agency, and that he and Vigue Thurston are jointly and severally liable for the return of $1,200 in fees to Milka Santana. The consent order provided that notice of the order would be provided to the United States District Court and Disciplinary Counsel.

On May 1, 2015, after consideration of the motions filed by the trustee and the consent order entered by the respondent, the Bankruptcy Court issued its report and recommendation pursuant to the directive of the District Court. The Bankruptcy Court concluded that the sanctions agreed to in the consent order were appropriate and recommended that the District Court impose those sanctions. Additionally, the Bankruptcy Court found that the respondent had violated Article V, Rules 1.1, 1.2, 1.4(a), 3.3, 8.4(a), 8.4(c), and 8.4(d)[1] of the Supreme Court

---

[1] Article V, Rule 1.1 of the Supreme Court Rules of Professional Conduct, entitled "Competence," provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

Rule 1.2, entitled "Scope of representation and allocation of authority between client and lawyer," provides in pertinent part:
"(a) Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued."

Rule 1.4(a), entitled "Communication," provides in pertinent part:
  "(a) A lawyer shall:
    "* * *

- 4 -

Rules of Professional Conduct. The Bankruptcy Court recommended that the respondent be suspended from the practice of law before the District Court and Bankruptcy Court for two years as a sanction for those rule violations.

On May 7, 2015, after receipt of the report and recommendation of the Bankruptcy Court, the District Court entered an order providing the respondent the opportunity to file an objection and notifying the respondent that failure to file an objection within fourteen days would be deemed a waiver of any objection. The respondent did not file a response to that order.

On July 16, 2015, the District Court entered an order suspending the respondent from the practice of law in the District and Bankruptcy Courts for two years. The District Court also adopted the recommendation that the respondent and his agents, partners, servants, employees,

---

"(2)  reasonably consult with the client about the means by which the client's objectives are to be accomplished;
"(3)  keep the client reasonably informed about the status of the matter * * *."

Rule 3.3, entitled "Candor toward the tribunal," provides, in relevant part:
"(a)  A lawyer shall not knowingly:
"(1)  make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer * * *."

Rule 8.4, entitled, "Misconduct," provides in relevant part:  "It is professional misconduct for a lawyer to:
"(a)  violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another * * *."

Rule 8.4(c) provides in relevant part:  "It is professional misconduct for a lawyer to:
"(c)  engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

Rule 8.4(d) provides in relevant part:  "It is professional misconduct for a lawyer to:
"(d)  engage in conduct that is prejudicial to the administration of justice * * *."

Rule 208 of the Local Rules of the United States District Court for the District of Rhode Island provides that the Rules of Professional Conduct, as adopted by the Rhode Island Supreme Court, shall be the Standards of Professional Conduct for attorneys appearing before the District Court.

associates or any person or entity in active concert and participation with him, be enjoined from acting as a debt-relief agency for two years; and that the respondent return the sum of $1,200 to Milka Santana. The District Court declined to adopt the recommendation that the respondent pay a fine of $10,000 to the trustee.

Article III, Rule 14 of the Supreme Court Rules of Disciplinary Procedure, entitled "Reciprocal discipline," requires that Disciplinary Counsel, upon receiving notice that a lawyer admitted to practice in this state has been disciplined in another jurisdiction, obtain a certified copy of that order and file it with this Court. On September 30, 2015, Disciplinary Counsel filed a copy of the District Court order along with his petition for the imposition of reciprocal discipline. On October 14, 2015, the respondent filed a response to that petition asserting that the imposition of identical discipline by this Court would be unwarranted. We directed the respondent to appear before this Court at its conference on November 19, 2015. Having heard the representations of the respondent and Disciplinary Counsel, we deem that the imposition of a disciplinary sanction is appropriate. However, we decline to impose identical discipline in this matter.

The purposes of professional discipline are twofold: protection of the public and maintaining the integrity of the profession. In re McBurney, 13 A.3d 654, 655 (R.I. 2011)(mem.). The respondent's misconduct before the Bankruptcy Court is worthy of sanction, and the suspension of the respondent's privileges to practice before both of those courts is appropriate. However, we are of the opinion that the imposition of a two-year suspension from the practice of law in our state courts as well would be unwarranted.

We note that the respondent currently is suspended from the practice of law in this state as a result of a separate disciplinary matter, and he is not eligible to apply for reinstatement until

March 26, 2016, <u>In re Howard</u>, 108 A.3d 204, 206 (R.I. 2015).  At that time, or thereafter, should he apply for reinstatement it will be his burden to demonstrate by clear and convincing evidence that he has the moral qualifications, competency and learning in law required for admission to practice in this state.  Therefore, we are satisfied that the purposes of professional discipline can be served in this matter by imposing a sixty-day suspension from the practice of law, with said suspension to run concurrently with the suspension now in effect.  Accordingly, the respondent, Thomas J. Howard, Jr., is hereby suspended from the practice of law for sixty days.

Entered as an Order of this Court this 18th Day of December, 2015.

By Order,


_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

---

**TITLE OF CASE:**  In the Matter of Thomas J. Howard, Jr.

**CASE NO:**  No. 2015-360-M.P.

**COURT:**  Supreme Court

**DATE ORDER FILED:**  December 18, 2015

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  N/A – Court Order

**JUDGE FROM LOWER COURT**:

    N/A

**ATTORNEYS ON APPEAL:**

    For Petitioner:    David D. Curtin, Esq.
                       Disciplinary Counsel

    For Respondent:  Thomas J. Howard, Jr., Pro Se