This attorney disciplinary matter comes before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure for Attorneys. On June 18, 2018, the Disciplinary Board of the Supreme Court forwarded to us a decision finding that the respondent, Kelly A. Carden, had violated the Supreme Court Rules of Professional Conduct. The Board recommended that we impose a public censure as a sanction for that misconduct. Rule 6(d) provides, in pertinent part:
"If the Board determines that a proceeding should be dismissed, or that it should be concluded by public censure, suspension or disbarment, it shall submit its findings and recommendations, together with the entire record, to this Court. This Court shall review the record and enter an appropriate order."
We directed respondent to appear before the Court at its conference on September 20, 2018, to show cause, if any, why we should not accept the recommendation of the Board. The respondent appeared before the Court, with counsel. Having heard the representations of respondent, her attorney, and this Court's Disciplinary Counsel, we concur with the decision of the Board that respondent violated the Rules of Professional Conduct, and we adopt the Board's recommendation that respondent be publicly censured.
The relevant facts, which are not disputed by respondent, are as follows. In May 2016, respondent and Veronica Assalone, also a member of the Rhode Island bar, engaged in discussions about practicing law together. The two agreed that, initially, respondent would begin working for Assalone as an employee while they contemplated the precise nature of their nascent business relationship, including a possible partnership. While employed, respondent would be covered for potential legal malpractice under Assalone's professional liability insurance policy.
In June 2016, respondent began working as a salaried employee of Assalone. Shortly thereafter, Assalone concluded that the nature of her existing practice would not merge well with respondent's. Accordingly, Assalone decided that forming a professional partnership, and providing insurance coverage to respondent, was not in Assalone's interest.
Assalone and respondent agreed that respondent would end the employment relationship in July 2016. They understood that respondent would form her own business entity and obtain her own professional liability insurance as of August 1, 2016. Nevertheless, they agreed to continue to share office space. The respondent hired her own staff and began operating her own firm as Carden Law Group, LLC, as of that agreed date. Significantly, respondent did not obtain her own professional liability insurance policy, but instead began to misrepresent to others that she was insured under Assalone's policy.
The respondent hired a nonlawyer assistant to help with preparing the necessary *505 documents to conduct real estate closings. The assistant's duties included forwarding appropriate documentation to lenders funding the real estate transactions for which respondent would serve as the closing agent, including documentation evidencing that respondent had professional liability insurance in effect. At respondent's direction, her assistant forwarded information to the lenders that their closings would be performed by Carden Law Group, LLC, and specified that Carden was insured under Assalone's insurance policy. These representations were false.
In December 2016, respondent was preparing to conduct a real estate closing for the lender, Movement Mortgage. A representative of this lender questioned why the closing agent was Carden Law Group, LLC, but the requisite insurance coverage was under Assalone's name. The lender requested an explanation prior to approving Carden as the closing agent. The respondent directed her assistant to prepare a letter, on Assalone's stationary, stating that Carden was insured under Assalone's professional liability policy. The assistant prepared the letter at respondent's direction. Next, respondent used Assalone's signature stamp to affix Assalone's signature to that letter, and forwarded it to the lender. Satisfied with this explanation, the lender funded the loan and respondent conducted the closing.
Assalone had neither authorized respondent to represent to third parties that she was covered under Assalone's policy, nor authorized respondent to use Assalone's signature stamp to execute the letter forwarded to Movement Mortgage. When Assalone became aware of this transaction and demanded an explanation, respondent falsely told Assalone that the assistant had prepared the letter and affixed Assalone's signature thereto without respondent's knowledge or consent.
Assalone notified Disciplinary Counsel that respondent had made false representations regarding her insurance coverage. In her initial response to Counsel's inquiries, respondent reasserted that she was completely unaware that her assistant had forwarded the misleading letter to Movement Mortgage. However, respondent subsequently admitted that she had directed her assistant to prepare the letter.
The Disciplinary Board brought formal charges against respondent, alleging that she had violated Article V, Rules 4.1, 8.1(a), and 8.4(c) of the Supreme Court Rules of Professional Conduct. Rule 4.1, entitled "Truthfulness in statements to others," provides, in pertinent part: "In the course of representing a client a lawyer shall not knowingly * * * make a false statement of material fact or law to a third person * * *." Rule 8.1, entitled "Bar admission and disciplinary matters," provides in relevant part: "An applicant for admission to the bar, or a lawyer in connection with * * * a disciplinary matter * * * shall not knowingly make a false statement of material fact * * *." Rule 8.4, entitled "Misconduct," provides, in relevant part: "It is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation * * *."
The respondent appeared at the hearing before the Board with counsel, admitted the above facts, and acknowledged that her conduct was in violation of the rules as alleged. Accordingly, the Board concluded that respondent had violated the rules, and that her misconduct warranted the imposition of discipline. In mitigation, the Board found that respondent fully appreciated the gravity of her wrongdoing and the fact that her actions were inappropriate, and that she was truly remorseful for her misconduct. Therefore, the Board has recommended that the appropriate level of discipline *506 in this matter is the imposition of a public censure.
Professional discipline serves two important purposes: "protection of the public and maintaining the integrity of the profession." In re Howard , 127 A.3d 914, 917 (R.I. 2015). We believe those purposes can best be served in this matter by adopting the Board's recommendation. We note that no clients were harmed by respondent's actions and that the funds from real estate closings for which respondent represented that she was covered under Assalone's policy were all properly disbursed. We believe that respondent is truly remorseful, and that she is not likely to repeat this misconduct.
Accordingly, the respondent, Kelly A. Carden, is hereby publicly censured.
Entered as an Order of this Court this 15th Day of October, 2018.